UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robinson Plasencia, and
Indramira Plasencia

    v.                                              Civil No. 15-cv-249-LM

Michael K. Lang and Ryan J.
McDermott[1]

**REPORT AND RECOMMENDATION**

    Plaintiffs Robinson and Indramira Plasencia filed a civil rights action against the defendant Nashua, New Hampshire, police officers.  The defendants removed the case here from the New Hampshire Superior Court.  See Doc. No. 1.  Currently before the court is plaintiffs' complaint addendum (doc. no. 8), in which plaintiffs seek to add claims against a new defendant.  The complaint addendum is here for preliminary review.  See LR 4.3(d)(3).

---

    [1]Defendant Robert Giggi has been dismissed from this action.  See Doc. No. 10.

**Preliminary Review Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the facts asserted in the pleading, and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

Plaintiffs[2] allege that proposed new defendant Officer Belmont, who, the court infers, is employed by the Nashua Police Department, engaged in the following conduct:

1.  Called plaintiffs' landlord and told him to evict the plaintiffs, and threatened either the landlord or plaintiffs;

---

[2] The complaint addendum is signed by both Robinson and Indramira Plasencia, but is largely written as though by a singular plaintiff.  For purposes of preliminary review, the court construes the claims in this action to have been asserted on behalf of both plaintiffs.

2

    2.    Falsely reported to law enforcement officials that plaintiffs had threatened kids with a gun;

    3.    Told a person of color to say that plaintiffs called him by a derogatory racial slur; and

    4.    "Called the FBI on" plaintiffs.

### Discussion

To bring a federal claim against a defendant acting under the authority of state law, plaintiffs must allege that the defendant violated plaintiffs' rights under federal law. See 42 U.S.C. § 1983. Even generously construing the complaint, the court cannot find that plaintiffs have stated any cognizable federal claim in the complaint addendum. Crediting, for purposes of preliminary review, the facts asserted in the complaint addendum as true, the court finds that plaintiffs have failed to state a claim of a violation of any federal right. Accordingly, the district judge should dismiss the claims against Officer Belmont, asserted in the complaint addendum (doc. no. 8). To the extent plaintiffs seek to assert claims against Officer Belmont under state law, the district judge should dismiss those claims

without prejudice to plaintiffs' ability to raise them in an action before a state court of competent jurisdiction.  See 28 U.S.C. § 1367.

### Conclusion

As discussed herein, the district judge should dismiss the claims asserted against Officer Belmont in the complaint addendum (doc. no. 8), and Officer Belmont should be dropped from this action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 28, 2016

cc:  Robinson Plasencia, pro se
     Indramira Plasencia, pro se
     Brian J. S. Cullen, Esq.