UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robinson Plasencia and
Indramira Plasencia

   v.                                        Civil No. 15-cv-249-LM
                                                Opinion No. 2016 DNH 146

Michael K. Lang, et al.

**O R D E R**

Plaintiffs Robinson Plasencia and Indramira Plasencia,[1] proceeding pro se, bring this suit against Nashua police officers Michael Lang and Ryan McDermott, alleging violations of their civil rights. Currently before the court is defendants' motion for summary judgment (doc. no. 13).

**Standard of Review**

A movant is entitled to summary judgment where he "shows that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to

---

[1] Although the complaint is brought on behalf of both Robinson and Indramira Plasencia, the complaint appears to allege claims only on behalf of Robinson Plasencia. For ease of reference, the court will refer to the plaintiffs as "Plasencia."

the nonmovant.  Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

Plasencia has not responded to defendants' motion for summary judgment.  Under Local Rule 56.1(b), where the nonmoving party does not oppose a summary judgment motion, "[a]ll properly supported material facts set forth in the moving party's factual statement may be deemed admitted."  See also De Jesus v. LTT Card Servs., Inc., 474 F.3d 16, 20 (1st Cir. 2007).  Summary judgment does not, however, "automatically follow" from the non-moving party's failure to respond.  Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003).  The court still must determine whether the moving party's submission meets the summary judgment standard.  See Fed. R. Civ. P. 56(e).

## Discussion

I.  Plasencia's Complaint

Plasencia's complaint contains generalized allegations concerning the behavior of officers in the Nashua Police Department.  These allegations include the following:

- "I was search[ed] by the Nashua Police over a simple traffic infraction and grabbed by my arm," doc. no. 1-1 at ¶ 3;

- "The Nashua Police came in my home on June 1, 2012 without a warrant and lie[d] under oath,"[2] id. at ¶ 4; and

- The Nashua Police "violat[ed] my rights by taking my moped out of my property without no [sic] rights," id. at ¶ 5.

In addition, Plasencia alleges that Officer Lang and another officer pulled him over on April 2, 2015, had him get out of his car, and then searched him.  Plasencia also alleges that an officer grabbed his arm during this traffic stop.  He further alleges that he made a complaint to the Nashua Police Department about the April 2 incident, but that the department concluded that the officers' actions were justifiable.  Plasencia disagrees with that conclusion.

Plasencia also alleges that on April 11, 2015, he was pulled over again by a Nashua police officer, who, according to Plasencia, "was very arrogant."  Doc. no. 1-1 at 4.

## II. Evidence in the Record

In support of their motion for summary judgment, defendants submitted affidavits from Lang and McDermott.  See doc. no. 13-2 (Lang Aff.); see also doc. no. 13-3 (McDermott Aff.).  The facts set forth in the affidavits are deemed admitted because of

---

[2] Plasencia alleges that members of the Nashua Police Department lied in court about the June 1 incident, claiming that they did not enter his home on that date.  Plasencia also alleges that, during that same court proceeding, Nashua police officers falsely accused him of exposing himself to children.

3

Plasencia's failure to respond. The court summarizes these facts below.

Lang and McDermott were riding together on their patrol on April 2, 2015. They pulled over Plasencia, who was driving in a Mitsubishi Eclipse, after Plasencia drove too close to Lang's cruiser while it was pulled over at a different traffic stop. During Plasencia's stop, both officers observed a Smith and Wesson gun box half concealed under Plasencia's seat. When they asked Plasencia about the box, he started to reach behind his seat. To ensure the officers' safety, Lang ordered Plasencia to get out of his car, which Plasencia did without incident.

Lang issued Plasencia a warning for the height of his car, a noisy muffler, and for failure to yield to emergency personnel. Lang also issued Plasencia a citation for failing to use due care while operating a vehicle by not giving a wide berth to an officer stopped at a traffic stop.

While Lang completed the paperwork in his police cruiser, McDermott stood with Plasencia at his car. While they were standing there, Plasencia reached toward his car and the Smith and Wesson box. McDermott stepped in between Plasencia and the car to prevent Plasencia from taking anything out of the car, including the Smith and Wesson box, and told him not to reach into the car. McDermott did not intentionally touch Plasencia on the arm or elsewhere. After a trial in district court, the

4

court found Plasencia guilty of failure to use due care while operating a vehicle.

On April 11, 2015, McDermott pulled Plasencia over on his moped for failure to stop at a stop sign and issued a citation to Plasencia. McDermott did not touch Plasencia during the stop. After a trial in district court, the court found Plasencia guilty of failing to stop at a stop sign.

Lang and McDermott had no involvement with any search of Plasencia's home, the subsequent court appearance related to that search, or any incident regarding his moped. To their knowledge, Lang and McDermott have never had any interaction with Indramira Plasencia.

Based on the undisputed facts, defendants are entitled to summary judgment. There are no facts that could support a claim against Lang or McDermott based on either the April 2 or April 11, 2015 traffic stop. Because Lang and McDermott were not involved in the search of Plasencia's home, the subsequent court appearance, or the alleged seizure of his moped, any claim arising out of those incidents is not actionable against Lang and McDermott.

**Conclusion**

For the foregoing reasons, defendants' motion for summary judgment (doc. no. 13) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 22, 2016

cc:   Robinson Plasencia, pro se
      Indramira Plasencia, Esq.
      Brian J.S. Cullen, Esq.