UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robinson Plasencia and
Indramira Plasencia

    v.                                  Civil No. 15-cv-249-LM

Michael K. Lang et al.

## REPORT AND RECOMMENDATION

Before the court in this closed case are the following motions, filed by plaintiff Robinson Plasencia[1]:

- Motion to Reopen Case" (Doc. No. 16)
- "Motion to Reopen and Amend Evidence" (Doc. No. 23), and addenda thereto (Doc. Nos. 25, 26)
- "Motion to Extend Trial Date" (Doc. No. 17)
- "Motion to Amend Complaint (Doc. No. 20), and addendum thereto (Doc. No. 21)

Defendants Michael Lang and Ryan McDermott object to reopening this case.  See Defs.' Obj. (Doc. No. 24).  The pending motions have been referred to the undersigned magistrate judge for consideration and a Report and Recommendation as to disposition.  See Jan. 5, 2017 Order; Mar. 1, 2017 Order.

---

[1] Both Robinson and Indramira Plasencia are named as plaintiffs in this case.  The post-judgment motions currently before the court are signed only by Robinson Plasencia.  Accordingly, the court, in this order, refers to Robinson Plasencia, as "Robinson," for clarity.

**Background**

I. **Procedural History**

Plaintiffs filed a complaint (Doc. No. 1-1) in state Superior Court, alleging that three Nashua Police Department ("NPD") officers, Michael K. Lang, Robert Giggi, and Ryan J. McDermott, had violated Robinson's civil rights. Defendants removed the matter to this court. See Notice of Removal (Doc. No. 1). Plaintiffs later amended the complaint to assert a claim against NPD Officer Belmont, whose first name is unknown.

On April 8, 2016, the court granted defendant Giggi's motion for judgment on the pleadings, dismissing the claims against that defendant. See Order (Doc. No. 10). On May 18, 2016, the district judge dismissed the plaintiffs' claims against defendant Belmont. See Order (Doc. No. 12) (approving Apr. 28, 2016 R. & R. (Doc. No. 11). On August 23, 2016, the court granted summary judgment in favor of defendants Lang and McDermott. See Order (Doc. No. 14), and, having resolved all of the claims in this action, entered judgment, see Doc. No. 15, closing this case.

On September 26, 2016, Robinson filed a motion (Doc. No. 16) seeking to reopen the case. Prior to that filing, neither plaintiff had taken any action in this case since the August 5, 2015 pretrial conference, at which both plaintiffs appeared.

For more than a year, therefore, neither plaintiff filed any motion, objected to any motion, objected to the April 28, 2016 Report and Recommendation (Doc. No. 11), or moved to reconsider any of the three court orders disposing of the plaintiff's claims.

On January 9, 2017, the court issued an Order (Doc. No. 22) directing Robinson to amend his motion to reopen, setting forth the standard governing Rule 60 motions and detailing what specific information to be provided to the court in the amended motion to reopen.  On February 9, Robinson filed an amended motion to reopen the case and add claims to the action (Doc. No. 23), and has filed two addenda (Doc. Nos. 25, 26) thereto.  The defendants have objected to reopening the case.  See Doc. Nos. 18, 19, 24  The court held a hearing on the plaintiffs' motion on May 23, 2017, in which Robinson participated by telephone, which was continued to June 6, 2017, due to technical difficulties with Robinson's cellular telephone connection. Despite the court's admonition that Robinson had to appear personally at the hearing, neither plaintiff attended the June 6, 2017 hearing.[2]

---

[2]Robinson was allowed to appear telephonically at the May 23, 2017 hearing to accommodate his stated difficulties with obtaining transportation to the court, as he, at the time, lacked a driver's license.  When, at the May 23 hearing, it

## II. **Factual Background**

In his amended Motion to Reopen (Doc. No. 23), Robinson claims that he was unable to consistently litigate the case due to injuries sustained from a car accident and arrests that occurred during the pendency of this case. Specifically, Robinson claims that, between May 30, 2016 and June 15, 2016, he was involved in a "very serious hit-and-run car accident" which resulted in several injuries, including an injury to his wrist. Robinson further asserts that he was arrested on February 14, 2016, and incarcerated from that date until March 10, 2016. He was arrested again on November 9, 2016 in Salem, New Hampshire.

---

became clear that the technical problems arising out of Robinson's inability to get a clear and consistent cell phone signal would make Robinson's telephonic appearance at the hearing impossible, the court decided that an in-person hearing would be necessary. At that time, the court continued the hearing to June 6, 2017, and specifically advised Robinson that he would have to arrange transportation to the hearing despite his lack of a driver's license and his wife's work schedule, and that if he could not do so, he would need to seek, in advance, to continue the date of the hearing to a day on which he could be present. Robinson stated on the record that he understood his responsibility to make arrangements to appear at the hearing and stated he would be able to do so. Robinson neither filed a motion seeking to continue the hearing nor appeared at the scheduled hearing.

**Discussion**

I. **Rule 60(b)**

The court has construed Robinson's motions to reopen this case as seeking relief from judgment, and from several orders disposing of the claims in this case, under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) "offers six independent routes to relief." Rivera-Velázquez v. Hartford Steam Boiler Insp. & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014). "'[R]elief under Rule 60(b) is extraordinary in nature,'" and "'motions invoking that rule should be granted sparingly.'" Id. at 3 (citation omitted).

Here, Robinson asks the court to excuse his failure to prosecute this case based on his alleged medical incapacity and incarceration. His argument thus arises under Rule 60(b)(1), which authorizes the court to grant relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); cf. Rivera-Velázquez, 750 F.3d at 4 ("Where . . . a party's asserted basis for relief falls squarely within the compass of Rule 60(b)(1), Rule 60(b)(6) is not available.").

To obtain relief under Rule 60(b)(1), plaintiffs must establish: the existence of exceptional circumstances concerning their failure to act earlier in this case, that their underlying

5

claims are meritorious, and that defendants will not be unfairly prejudiced if the court were to reopen this case. See Rivera-Velázquez, 750 F.3d at 3-4. In considering whether plaintiff's omissions in this case constitute "excusable neglect," the court must consider all of the facts and circumstances surrounding the omissions Robinson now seeks to excuse. The relevant facts and circumstances for the court to consider "typically include such things as 'the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith.'" Id. at 4 (citation omitted). "'At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable.'" Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 39 (1st Cir. 2013) (citation omitted).

## II.  Excusable Neglect

Construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the motion to reopen asserts that, between May 30, 2016 and June 9, 2016, Robinson was involved in a "very serious hit-and-run car accident" which resulted in injuries, including fractures of his hand, ankle, and ribs affecting Robinson's ability to move and write.  Pl.'s Mot. Reopen (Doc. No. 16), at 1; see also Pl.'s Mot. Extend (Doc. No.

6

17), at 1.  To support his claims of medical incapacitation, Robinson has filed medical records in this matter from which the court finds, for purposes of this Report and Recommendation, as follows[3]:

- A May 31, 2016 x-ray of Robinson's right wrist indicated a "slight deformity of the transmetacarpal bones, most likely from an old healed fracture.  No fractures or dislocations are seen."

- A May 31, 2016 x-ray of Robinson's right wrist indicated "no fractures, [or] dislocations."

- A June 9, 2016 x-ray of Robinson's left knee indicated "new effusion in the suprapatellar bursa, mild to moderate in size," mild osteoarthritis, and "no acute fracture or dislocation identified."

- A June 17, 2016 CT scan of Robinson's chest indicated a "[p]robable left anterior fourth rib fracture."

- A June 22, 2016 x-ray of Plasencia's right hand indicated the existence of "medial and possibly posterior subluxation of the 5th metacarpal on the hamate bone.  No fractures are seen."

Additionally, Robinson contends that the twenty-five days he spent in jail between February 14 and March 10, 2016 hindered his ability to litigate this matter during that time period.

Presuming, for purposes of this Report and Recommendation, the accuracy of Robinson's medical records and the asserted

---

[3] Robinson filed, with his amended motion to reopen (Doc. No. 23), two CDs containing reports of diagnostic tests performed at the Southern New Hampshire Medical Center in Nashua, New Hampshire, between May 31, 2016 and June 22, 2016.

7

dates of Robinson's 2016 incarceration, none of the information Robinson has provided to the court in support of his motion to reopen demonstrates that he was wholly unable to litigate this action between the August 5, 2015 pretrial conference and the September 26, 2016 filing of his Rule 60(b) motion. Robinson has not demonstrated any plausible reason that he could not object, contact the court, or file for an extension to respond to the defendants' motion for summary judgment or to move to reconsider the court's Order granting that motion. Furthermore, Robinson's wife, Indramira, is also a plaintiff in this case, and nothing in Robinson's pleadings before the court indicate that Indramira was unable to object, contact the court, file for extensions, or move to reconsider adverse decisions entered in this case. Considering all of the facts and circumstances in this case, Robinson has failed to meet his burden to demonstrate excusable neglect as to the omissions relating to the order dismissing the claims against Belmont, the order granting a motion for judgment on the pleadings, the summary judgment order, and entry of judgment in this case.

    Because Robinson has failed to provide the court with "'a convincing explanation as to why the neglect [of this case] was excusable,'" Nansamba, 727 F.3d at 39 (citation omitted), despite being provided more than ample opportunity to do so, the

8

court need not make further findings as to whether reopening this case would prejudice the defendants, whether the plaintiffs have acted in bad faith in this matter, or whether plaintiffs' underlying claims, if reinstated, are meritorious.  Accordingly, the district judge should deny the motion for relief from judgment.

### III. **Additional Motions**

In his amended motion to reopen (Doc. No. 23) and addenda thereto (Doc. Nos. 25, 26), Robinson asserts additional claims and defendants that he seeks to add to this case.  Robinson has also filed a motion to extend the trial date in this case (Doc. No. 17) and a motion to amend the complaint (Doc. No. 20). Because this Report and Recommendation recommends that the motion to reopen be denied, and that this case remain closed, the district judge should deny as moot the requests to amend the complaint contained in the motion to reopen, and the motions to extend the trial date and amend the complaint.  The denial of the requests to amend in the motion to reopen and the motion to amend the complaint should be without prejudice to plaintiffs' ability to assert those claims in a new action.

### **Conclusion**

For the foregoing reasons, the plaintiffs' motions to

reopen the case (Doc. Nos. 16, 23) should be denied, and the other pending motions in this case (Doc. Nos. 17, 20) should be denied as moot.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 24, 2017

cc:   Robinson Plasencia, pro se
      Indramira Plasencia, pro se
      Brian J.S. Cullen, Esq.